**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.

JERMAINE CURTIS PARKER,

Defendant.

Case No. 2:19-cr-141

**OPINION & ORDER**

Jermaine Curtis Parker submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2255, seeking to vacate or set aside his convictions for distribution of fentanyl and possession of a firearm in furtherance of a drug trafficking crime. ECF No. 39 at 13. Because the petition is time-barred, it must be dismissed and denied. The petition would also be dismissed and denied on the merits.

**I.     BACKGROUND**

On November 4, 2019, the petitioner pleaded guilty to distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count III); and two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts IV and VII). ECF No. 18. On February 3, 2020, the Honorable Robert G. Doumar sentenced the petitioner to 240 months of incarceration, consisting of 120 months on Count III and 60 months on each of counts IV and VII, all to be served consecutively. ECF No. 29 at 1.

The petitioner submitted this § 2255 motion on February 30, 2026.[1] ECF No. 39 at 13. In it, he asserts five grounds[2] for vacating or setting aside his conviction:

> (1) His attorney was ineffective for advising the petitioner to plead guilty to two counts under 18 U.S.C. § 924(c), after Congress eliminated 'stacking' of § 924(c) sentences, *id.* at 4;

> (2) The career offender enhancement was applied incorrectly because it was based on 'stacked' § 924(c) charges, *id.* at 9;[3]

> (3) The government failed to provide adequate notice that it would seek a career offender enhancement under the Sentencing Guidelines, *id.* at 5;

> (4) The career offender enhancement was applied incorrectly because two of the three predicate crimes were committed on the same day, *id.* at 5–6; *see id.* at 8; and

---

[1] The Court received the petition on April 23, 2026. ECF No. 39 at 1. However, the petitioner states that he placed the filing in the prison mailing system on February 30, 2026. The difference does not affect the outcome here. The Court accepts the petitioner's submission date.

[2] The petitioner organizes his claims into four grounds, but the Court finds that the petitioner's "Ground Two" asserts two separate claims, numbered (2) and (3) above and described as Grounds Two and Three below. *See* ECF No. 39 at 5. The Court also lists the claims in a different order than they are presented in the petition, to enable clearer analysis. This Opinion and Order refers to the grounds in the petition by the numbering assigned herein.

[3] In the petitioner's "Ground Four," he also contends that "the United States Sentencing Commission [] has reduced [] Marijuana from a schedule[] 1 category to a level 3, which reduces the actual sentence on the United States Sentencing Guidelines." ECF No. 39 at 9. As best the Court can understand, this argument is based on a December 18, 2025 executive order directing the Attorney General to move marijuana from Schedule I to Schedule III. That policy has not yet become law. Therefore, the Court will not consider it in the timeliness analysis below. Regardless, any anticipated change in the schedule placement for marijuana would have no effect on the petitioner's conviction or sentence, because none of the crimes in this case and none of the predicate crimes used to support the career offender enhancement had to do with marijuana. Therefore, this ground would also fail on the merits.

     (5)    Defense counsel was ineffective for failing to object to the incorrect application of the career offender enhancement, *id.* at 8.

## II.    LEGAL STANDARDS

### A.    Timeliness

Petitioners seeking relief under § 2255 must file within the one-year limitation period. 28 U.S.C. § 2255(f). The period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

A judgment of conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522, 525 (2003). A criminal defendant must note an appeal within 14 days after the judgment is entered on the docket. Fed. R. App. P. 4(b)(1) & (6).

### B.     Merits

Collateral review under § 2255 allows a prisoner in federal custody to challenge the legality of a federal conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence that: (1) their sentence or conviction was "imposed in violation of the Constitution or laws of the United States;" (2) the district court "was without jurisdiction to impose such sentence;" (3) the sentence exceeds "the maximum authorized by law;" or (4) the sentence or conviction is "otherwise subject to collateral attack." *Id.*; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

A § 2255 petition "is expected to state facts that point to a real possibility of constitutional error." *Blackledge v. Allison,* 431 U.S. 63, 75 n.7 (1977) (punctuation and citation omitted). Courts construe filings by *pro se* petitioners liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[i]f it plainly appears from the motion[,] any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting Gov. § 2255 Proc. in U.S. Dist. Cts. 4(b)).

## III.   ANALYSIS

### A.     Timeliness

The judgment in this case (ECF No. 30) became final on February 17, 2020. *See* Fed. R. App. P. 4(b)(1) & (6); *Clay*, 537 U.S. at 525. The petitioner does not claim

4

that illegal government conduct impeded his filing for habeas relief, and he does not assert any newly discovered facts. *See generally* ECF No. 39. So the Court can only consider the petition insofar as it relies on a right the Supreme Court recognized after the judgment became final, if the petition was filed within a year of the Supreme Court decision. *See* 28 U.S.C. § 2255(f).

### i.     Grounds One, Two & Three

The first three grounds do not satisfy the limitation period because they are based on statutes that predate the judgment. Grounds One and Two rely on the First Step Act of 2018. *See* ECF No. 39 at 4; First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018). And Ground Three—the petitioner's claim that he was entitled to notice that the government would seek a career offender enhancement—appears to be based on 21 U.S.C. § 851(a)(1). *See* ECF No. 39 at 5 ("The Government failed to list the 851 [n]otice in the [i]ndictment and failed to put the [d]efendant on [j]udicial [n]otice that they intended to use his prior bad acts for [c]areer [o]ffender purposes."). In other words, Grounds One through Three rely on laws passed by *Congress*, not on any "right . . . newly recognized by the Supreme Court." *See* 28 U.S.C. § 2255(f)(3).

Additionally, both statutes the petitioner cites were enacted before the judgment in this case became final. First Step Act of 2018, Pub. L. No. 115-391 (2018) (enacted December 21, 2018); Pub. L. No. 91-513, Title II § 411 (enacting legislation for § 851, passed October 27, 1970). For both these reasons, Grounds One through Three are time-barred.

### ii.    *Grounds Four & Five*

Grounds Four and Five rely on two Supreme Court cases: *Wooden v. United States*, 595 U.S. 360, 365 (2022), and *Erlinger v. United States*, 602 U.S. 821 (2024). *See* ECF No. 39 at 5–6, 8. But both those decisions were issued over a year before the petitioner submitted his motion, so Grounds Four and Five also fall outside the statute of limitations.

The petitioner argues that his motion should be accepted as timely for two reasons: (1) The petition "is [his] initial appeal," and (2) "based on the retroactivity of *United States v. Bowe*, [§ 2255 petitions] can be filed without the permission for a [certificate of appealability] from the [c]ourt of [a]ppeals." ECF No. 39 at 12. As to the first point, the petitioner appears to assert that because he never filed a direct appeal (and, therefore, this habeas petition is the first request for review he submitted), the judgment never became final, and the limitation period under 28 U.S.C. § 2255(f)(1) never began running. As described above, that is incorrect. The judgment became final after the 14-day deadline for filing a direct appeal expired. *Clay*, 537 U.S. at 525.

*Bowe v. United States* does not help the petitioner here. That case dealt with the conditions under which a court may consider an individual's second habeas petition under § 2255. It did not change the rules with respect to timeliness of any petition. *See Bowe v. United States*, 607 U.S. 13, 35–36 (2026).

Since all the petitioner's claims are time-barred, the Court must deny and dismiss the petition.

### iii.    *Equitable Tolling*

The Court has also considered whether the defendant is entitled to have the statute of limitations tolled. The doctrine of equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Therefore, to be entitled to equitable tolling of the statute of limitations, the petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.*

Here, the petitioner has offered no such circumstances, and the Court cannot glean any from the petition. Critically, even in a case of an unrepresented incarcerated person, "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted). And to the extent the petitioner believes such reasons exist by virtue of the changes in the law he asserts, those reason are unpersuasive, as explained in Part B, below. Therefore, because the petitioner has presented no extraordinary circumstances that prevented the petition from being timely filed, the Court declines to apply the equitable tolling doctrine.

### B.    Merits

Ordinarily courts do not opine on the merits of claims that must be dismissed, but in deference to the petitioner's pro se status, the Court will explain a bit more

here. Even if the statute of limitations did not bar the petition and the Court were to reach the merits of the claims, the petitioner would not be entitled to relief.

### i.    *Grounds One & Two*

Grounds One and Two turn on the petitioner's belief that he did not receive the benefit of the First Step Act. But his two § 924(c) convictions here were not 'stacked' within the meaning of the Act. Prior to passage of the First Step Act of 2018, a defendant convicted on two counts under § 924(c) in a single case faced a mandatory minimum sentence of five years of incarceration on the first count and 25 years (consecutive) on the second, for a total mandatory minimum sentence of 30 years. 'Stacking' referred to this practice of counting convictions within the same case for the purpose of imposing an increased mandatory minimum on the second. Section 403 of the First Step Act eliminated 'stacking' under § 924(c). Thus, a defendant sentenced on two § 924(c) counts in the same case who does not have a prior conviction under § 924(c) now faces a five-year minimum sentence on the second § 924(c) offense, rather than 25 years. The petitioner was sentenced under the new scheme. *See* ECF No. 30 at 2.

'Stacking' does not refer to merely convicting a person of two or more counts under § 924(c) within the same case or to running the sentences for two or more counts consecutively. Both of those practices were permissible before the First Step Act was enacted and remained permissible afterward. So it was legal for the government to charge the petitioner with two counts under § 924(c) and for Judge Doumar to sentence him to consecutive terms of 60 months on each count. The First

Step Act only prevented the court from imposing a mandatory 25-year sentence on Count VII, which it did not do.

Because Grounds One and Two allege no violation of the law, this Court would be required to dismiss and deny them on the merits. *See* 28 U.S.C. § 2255(a)–(b).

### ii.    Ground Three

The petitioner's third claim is based on a belief that 21 U.S.C. § 851 required the government to provide notice in the indictment of the convictions it would rely on to support a career offender enhancement under the Sentencing Guidelines. Section 851 requires notice of predicate offenses used to enhance the *statutory* penalty for a crime—like, for example, a § 924(c) conviction from a prior case, used to secure a 25-year mandatory minimum sentence for a second § 924(c) conviction (which, as explained above, did not happen in the petitioner's case). It does not require notice related to any enhancement under the Sentencing Guidelines, which only results in a change to an individual's *advisory* sentencing guidelines range. *United States v. King*, 39 Fed. App'x 39, 41 (4th Cir. 2022) (unpublished) ("A career offender sentence under [U.S.S.G.] § 4B1.1 does not require [§ 851] notice."). Therefore, Ground Three also fails to allege a violation of law and would be dismissed and denied on the merits.

### iii.    Grounds Four & Five

On the remaining two grounds, the petitioner contends that the *Wooden* and *Erlinger* decisions made it improper for the court to apply a career offender enhancement in this case and that defense counsel was ineffective for failing to object

9

to the enhancement. ECF No. 39 at 5–6, 8. *Wooden* established the rule that predicate offenses used to impose a mandatory minimum sentence under the Armed Career Criminal Act (ACCA) must be committed on different "occasions"—a "multi-factored" requirement that incorporates "[t]iming," "[p]roximity of location," and similarity of conduct. *Wooden*, 595 U.S. at 369. *Erlinger* held that a defendant is entitled to have a jury determine beyond a reasonable doubt whether prior offenses alleged to form the predicate for a mandatory minimum sentence under the ACCA were committed on the same 'occasion.' *Erlinger*, 602 U.S. at 835.

Those decisions do not apply to this case for two reasons. First, the petitioner was not subject to an increased mandatory minimum sentence under the ACCA: As explained above in the context of the 'stacking' issue, both of the petitioner's § 924(c) convictions occurred in the same case, so he was subject to an only five-year mandatory minimum on each offense. If the court had imposed an enhanced mandatory minimum of the kind discussed in *Wooden* and *Erlinger*, the petitioner would have received a 30-year mandatory minimum sentence (five years and 25 years consecutive) on Counts IV and VII. That did not happen. *See* ECF No. 30.

Second, the petitioner confuses the career offender enhancement under the Sentencing Guidelines with enhanced mandatory minimum sentences under the ACCA. The two are conceptually related, but the former takes into account *prior* convictions (not the charges in the present case) and results in fixing an individual's criminal history category at the highest level for purposes of calculating their

10

advisory sentencing guidelines range. *See* U.S.S.G. § 4B1.1. And as the Court just explained, the latter was not at play here.

In this case, the career offender enhancement was based on a 2004 conviction for possession of cocaine and a 2005 conviction for use of a firearm in the commission of a felony. ECF No. 25 ¶¶ 43, 44. It was not based on the two *new* § 924(c) offenses. So even if *Wooden* and *Erlinger* applied to the career offender enhancement under U.S.S.G. § 4B1.1, it would not have been improper for the sentencing court to consider the obviously unrelated *prior* convictions in determining the petitioner's sentence. For these reasons, the Court would dismiss and deny Grounds Four and Five on the merits.

## IV.    CONCLUSION

Petitioner Jermaine Curtis Parker's motion under 28 U.S.C. § 2255 (ECF No. 39) is **DISMISSED AND DENIED.**

Because the petitioner failed to demonstrate a substantial showing of a denial of a constitutional right, a certificate of appealability is **DENIED.**

The petitioner is **ADVISED** that because this Court declines to issue a certificate of appealability, the petitioner must request a certificate of appealability from the circuit court if he wishes to file an appeal. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

The petitioner is **FURTHER ADVISED** that if he wishes to appeal this decision, he must file a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia

11

23510, within 30 days of the date of this Opinion and Order. A written notice of appeal is a short statement declaring a desire to appeal and noting the date of the Order petitioner wants to appeal. The petitioner does not need to explain the reasons for appeal until the circuit court directs him to do so.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the petitioner, the petitioner's former counsel, and to the United States Attorney's Office.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 11, 2026

12